## Joseph B. Wilson *versus* Reuben Green.

Where an execution is returned satisfied by a sale of personal property, and it afterwards appears that the property did not belong to the debtor, and the creditor refunds the money, he is entitled as of right, to sue out his writ of *scire facias* on his judgment, for a new execution, without first applying therefor by petition to the court.

Scire facias. On a case stated it appeared, that Wilson brought an action against Green, recovered judgment therein in the Common Pleas, and took out his execution ; that the execution was delivered to a deputy sheriff and was satisfied by him out of the proceeds of personal property attached and sold by him on the original writ, and was duly returned ; that one Richardson claimed the property as the owner, and before the sale of it, brought his action of trespass against the sheriff on account of its being attached by the deputy, and subsequently recovered judgment for his damages and costs, and took out his execution ; that this execution was paid by Wilson ; and that Wilson thereupon, in February 1836, sued out this writ of *scire facias* on his judgment, for a new execution, without first applying to the court by petition for such writ.

If the *scire facias* was sustainable, and had not issued improvidently, such judgment was to be rendered as the Court should order.

*Lewis* and *Mann*, for the plaintiff, cited Ancient Charters, &c. 142 ; *St.* 1835, *c.* 145 ; Revised Stat. *c.* 97, § 43.

*Oct. 18th.*

*Prescott*, for the defendant, cited *St.* 1785, *c.* 6 ; *Kendrick* v. *Wentworth*, 14 Mass. R. 57.

*Per Curiam.* The defendant contends that the plaintiff could not sue out *scire facias* as of right, but should first petition the court for relief, and relies on the case of *Kendrick* v. *Wentworth*, 14 Mass. R. 57. That case depended upon *St.* 1785, *c.* 6, which applied only to real estate, and which authorized relief only by the court, on petition. We think the Revised Statutes have altered this, and give a writ of *scire facias* as of right, even in case of real estate. Revised Stat. *c.* 73, § 21.

*Oct. 21st.*

But whether this be so or not, in regard to real estate, the Court are of opinion, that both by the statute of 1835, and the

Revised Statutes, the remedy is given as of right, whenevei any execution shall be returned satisfied, by the sale of any personal property, which shall afterwards appear not to have belonged to the judgment debtor. This is the plaintiff's case, and we think he is entitled to sue out his writ of *scire facias* without first being authorized on application by petition.